## MAJOR BRAXTON v. STATE.

[60 South. 66]

1. CRIMINAL LAW. *Sufficiency of judgment.   Term of imprisonment.*

    It is sufficient in a criminal case if the judgment states the duration and place of imprisonment, and it is not necessary that the date when the punishment begins shall be inserted in the judgment.

2. SAME.

    Sentences in criminal proceedings will take effect and begin to operate from the date of their entry in the judgment of the court, unless some other date be inserted therein.

APPEAL from the circuit court of Quitman county.

HON. SAM C. COOK, Judge.

Major Braxton was convicted of manslaughter and appeals.

The facts are fully stated in the opinion of the court.

*Mack & Donaldson*, for appellant.

We submit that if for no other reason this case should be reversed because the sentence of the court is a nullity in this, that it fixes no time for said sentence to commence. *Kelly* v. *State*, 3 S. & M. 518; *Wharton* v. *State*, 41 Miss. 680; *Easterling* v. *State*, 35 Miss. 210.

*Geo. H. Ethridge*, assistant attorney-general, for the state.

Counsel for appellant says the case should be reversed because the court in passing sentence upon defendant did not recite, in the order, when the sentence would begin.

I submit that the sentence, as passed by the court, would begin to operate from the very time it was passed, and if there had been no appeal, at the end of two years from that date, the sentence would have been completed.

In the case of *Kelly* v. *State*, cited by counsel on this proposition, the court said in the latter part of the opinion in reference to this subject:

"The sentence or judgment of the court below is defective in not setting forth the time from whence the commencement of the imprisonment shall date. This is generally from the day of the sentence."

At all events, whatever may be the technical nicety involved, there could be no reversal for this matter, because the appeal of the appellant itself suspended the operation of the sentence, and this court, in case they shall affirm the sentence, would necessarily make a different date for the beginning of the sentence from what it would have been had there been no appeal.

REED, J., delivered the opinion of the court.

There is ample evidence in this case to sustain the verdict of guilty of manslaughter rendered by the jury, and we do not find any reversible error in the record.

The only assignment of error made by appellant which we will notice is that the case should be reversed because the judgment of the court failed to fix the time for the sentence to commence. The judgment of the court in this case was rendered March 2, 1912, and, after reciting the verdict of the jury, ordered that the appellant be sentenced to the state penitentiary for a term of two years. The appellant cited, to sustain his contention, the case of *Kelly* v. *State*, 3 Smedes & M. 518. We find

the following in the opinion of the court in that case: ''Finally, the sentence or judgment of the court below is defective, in not setting forth the time from whence the commencement of the imprisonment shall date. This is, generally, from the day of the sentence.''

This statement of the law is not in accordance with the general doctrine on the subject. We find in 19 Ency. Plead. & Prac. page 480, the following: "It has been said that the better practice is not to fix in the sentence the commencement or termination of the term of imprisonment, but to state its duration merely.'' In the case of *Jones* v. *Oklahoma*, 4 Okl. 45, 43 Pac. 1072, it is decided that "all judgments and sentences in criminal cases take effect and begin to operate from the date of their entry, unless a different time be fixed by the court in the judgment itself.''

It is sufficient if a judgment states the duration and place of imprisonment, and it is not necessary that the date when the punishment begins shall be inserted in the judgment. 12 Cyc. 779; *People* v. *King*, 28 Cal. 265. We cannot follow the court in the statement of the law as set out above in *Kelly* v. *State*, and therefore we overrule that case, and all cases in this court which follow it, in so far as they state that a judgment of a trial court is defective, in not setting forth the time from when the commencement of the imprisonment shall date.

Sentences in criminal proceedings in this state will take effect and begin to operate from the date of their entry in the judgment of the court, unless some other date be inserted therein.

*Affirmed.*