## E. E. BUCK *v.* STATE.

[60 South. 321.]

1. FINES. *Commitment for nonpayment. Code 1906, sections 1516 and 1561. Laws 1908, chapter 109. Construction. Remission of penalty. Bonds.*

Under Code 1906, section 1516, providing that "in cases not capital the court shall order the convict to stand committed until the fine, cost and jail fees be paid," and under Laws 1908, chapter 109, providing that imprisonment shall follow the failure to pay a fine, without an order of court to that effect, where the judgment of the court sentenced a defendant to pay a fine of five hundred dollars and ninety days in jail and further provided that the payment of three hundred dollars of the fine and the service in jail be suspended during good behavior and that the defendant·stand committed until the remainder of the fine and costs are paid in full, the failure of the court to direct that the defendant should stand committed until the full amount of the fine imposed should be paid did not relieve accused from liability from imprisonment on failure to pay the fine.

2. SAME.

In such case the judgment of the court will not be construed to mean that the failure of the court to direct that defendant stand committed until the whole of the fine imposed had been paid, was intended that he should not pay the remainder thereof nor that only a fine of two hundred dollars was imposed, and the balance remitted.

3. CODE 1906, SECTION 1561. *Bond to keep the peace. Sentence.*

Section 1561, Code 1906, contemplates that the bond therein provided for shall be required as a part of the judgment imposing the sentence upon the convict for crimes committed. After the close of the term at which judgment was rendered, the court is without power to amend its judgment by adding this requirement thereto.

APPEAL from the circuit court of Choctaw county.

HON. G. A. McLEAN, Judge.

E. E. Buck was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Adams & Dobbs*, for appellant.

We submit that the orders and judgment of the court made and entered, attempting to put into operation and effect the alleged suspended sentence of three hundred dollars and ninety days jail sentence, and requiring appellant to execute a bond in the sum of one thousand dollars to keep the peace, etc., for two years, were clearly erroneous. We take it that there will be no serious consideration by the court or contention by the state of the order of the court insofar as it attempts to require appellant to execute a bond in the sum of one thousand dollars to keep the peace and be of good behavior. The plea of guilty by appellant was entered at the February, 1911, term of said court; then sentence suspended until next term of court; then at October special term of the court, 1911, sentence was imposed as shown by order above copied; and the very first time we hear anything of a bond being required is at the February, 1912, term of the court, when the court made the order after hearing the motion to put into operation the alleged suspended sentence. The power of the court in the first instance to require a bond governed by section 1561, Code 1906, is purely statutory and must be strictly construed. This section grants an additional penalty that may be imposed upon persons convicted under certain conditions; but surely it cannot be said that this penalty can be imposed at any time or term by the court. The section says this requirement may be made when the party is convicted; and confidently submit that the penalty must be imposed at the same time and term as in the other penalty. We deem it unnecessary to cite any authorities to the effect that a court has no authority to add to a sentence, or enlarge or increase a sentence, at some later or future term of the court. "Where a prisoner has paid his fine, or his imprisonment has begun, the court has no power to recall him to revoke his former sentence and impose one, which inflicts a greater punishment." 12 Cyc. 784, and citations thereunder. "After the term has passed at

which the original sentence was imposed, the court has as
a general rule no power to modify, amend,· or revise it,
particularly if the new punishment is in excess of the
original sentence." 12 Cyc. 784, and citations there-
under; *McCarthy* v. *State*, 56 Miss. 294. "The power of
the court to alter its docket entries and records during
the term wherein · they are made, includes the right
within such time to revise, correct and change its sen-
tence, however formally pronounced, if nothing has been
done under them: But steps taken under a sentence—
for example, a substantial part execution thereof—will
cut off the right to alter it, even during the term. And
with the expiration of the term the power expires." 1
Bishop's New Crim. Proc. ,sec. 1298, and citations there-
under; *Parker* v. *State*, 51 Miss. 535.

This court held in the case of *Fuller* v. *State*, 57 So. 806-
808, that the trial court had no power to suspend the exe-
cution of its sentence, so we deem it improper and unnec-
essary to further discuss this phase of the instant case;
and if the Fuller case is to be upheld then the trial court
here had no authority to make an order putting into
operation or attempting to put into operation the alleged
suspended sentence; and had no further jurisdiction over
said cause; and therefore it is inescapable that any order
or judgment rendered or attempted to be rendered by said
court at the said February, 1912, term of said court was
null and void, invalid and of no effect. With the expira-
tion of the term at which the sentence was entered the
power of the court over this cause ceased. Cases cited
*supra.* We come now to the question of the validity of
the judgment of the court imposing the original sentence
upon appellant. The court will see by reference to said
judgment which is copied above, that the sentence was
imposed and judgment entered at special October term,
1911, after plea of guilty entered at February, 1911, term;
that said sentence was therefore a suspended sentence;
or rather the court was exercising the power of sus-
pending the imposition of a sentence, which seems to have

been left an open question in the decision of the *Fuller case, supra,* by this court.   If the court originally had no inherent power to suspend the imposition of the sentence against appellant after his plea of guilty, then the entire order entered by the court at the said special October, 1911, term is void; and the defendant was illegally sentenced at that time.

But again, even if the court should hold in this case that the lower court was acting within its powers in suspending the imposition of the sentence, after plea of guilty, from the February, 1911, term to the said special October, 1911, term of said court; there is yet another question which we confidently believe will entitle the appellant here to his release.   It will be noted by reference to said sentence and judgment, that appellant is sentenced to pay five hundred dollars fine and costs, and ninety days in county jail; that three hundred dollars of said fine and said jail sentence be suspended, etc.; and that he stand committed in the hands of the sheriff until the remainder of said fine, two hundred dollars, and costs of this court be paid in full.   It was clearly the purpose of the court that imposed this sentence to only require appellant to pay the sum of two hundred dollars and costs and that it was the court's intention to let that be the end of that sentence.   The very wording of the judgment shows that to be the real intent and purpose of the court—the suspended part of the sentence having been imposed for the purpose of holding defendant in awe or in terror of the law—and that there was no intention on the part of the court that appellant should ever pay the said suspended part of the sentence or serve the jail sentence.   There can be no other view taken of this judgment when it is read in the light of the common law and our own statute, which says that in order to collect the fine or impose the sentence, the order must state "that the prisoner stand committed until the fine, costs, etc., be paid."   Code 1906, section 1516.

We therefore submit to the court that even if the court should be of the opinion that the judgment entered by the court at the sepcial October, 1911, term of the court, was properly and legally entered (although it was the imposition of a suspended sentence) there cannot legally be any further punishment to appellant under said judgment, because the judgment gives the sheriff no authority to hold or commit appellant for any part of said sentence, except the said two hundred dollars and costs, as shown by said judgment itself. And under the authorities above cited, the court had no further jurisdiction of this cause or over the sentence, and could have no further power to make any order or enter any further judgment as to said sentence; and would have no further power to enter any additional order for the commitment of appellant under said sentence for the payment of said three hundred dollars or any other part of said suspended portion of said order. The court therefore, being without power or authority to further deal with said sentence at a later and different term of the court and the judgment itself showing that said appellant was to stand committed only for the payment of the two hundred dollars and costs, it is therefore impossible for appellant to be legally held further, or under any other order of the court, or on the issuance of any additional process for the payment, or suffering of any part of the alleged suspended portion of said sentence.

*Geo. H. Ethridge*, Assistant attorney-general, for the state.

Since the decision of the court in the case of *Fuller* v. *State*, 100 Miss. 811, 57 So. 806, there can be no question as to the right and propriety of the court in the enforcement of the other part of the sentence, that is, the part attempted to be suspended during the special term, 1911. So much of said judgment as was attempted to suspend the enforcement of the judgment of the court was void, and the defendant could have been taken into custody

immediately, .or at any time subsequent to the restoration of the sentence, and should be treated as though he had escaped from lawful custody . No action of the court was necessary whatever; the clerk was authorized, in the absence of the court, to issue the warrant and confine the appellant in custody until he served out the sentence and discharged the judgment, and of course the court had a right to order it done; or at least, the appellant would have had no right to complain that it was done, because he was subject to the sentence, and it was a valid and binding force from the very beginning.

The second part of the complaint shows that the court required the appellant to give bond in the sum of one thousand dollars to keep the peace, and for his good behavior for a period of two years, and contends that this could not be done in the proceedings in this case.

Section 1561 of the Code authorizes a court, at the time of the rendition of the judgment by the court in addition to the penalty prescribed by law, to require convicts to enter into bond with a reasonable sum with security to keep the peace, and for good behavior, for any length of time not longer, however, than two years, and may order such person to stand committed, until such bond is executed.

This statute is declaratory of the common law, and the only difference is that in the common law a reasonable period was the basis of the binding instead of two years or less, as required by statute.

In my opinion, the trial judge was mistaken about retaining the jurisdiction of the case on the suspended sentence. The imposition of a sentence must be full and complete at the term in which it is rendered, and the question arising for consideration in this case is as to whether the order of the trial court is valid, independent of that question.

The general rule is that a proceeding is required to be founded on an affidavit to render a person subject to a peace bond, but, when in a hearing in a court which has

the powers of a conservator of the peace, it appears from the evidence that the party before the court has done things and has committed acts that would subject him to give a peace bond, and the only proper proceeding is that the court may impose this condition upon him. This peace bond proceeding is to be considered as remedial justice for the prevention of things forbidden, and not as punitive justice for anything done in the past. The purpose and object of the peace bond is to require the party to be of good behavior in the future and is not to punish him for things done in the past.

In the Pennsylvania courts, I find that where parties were tried and acquitted on criminal charges, and the court had nothing before it other than the evidence developed in the trial of the case, the defendants were required to give bonds for their good behavior for different lengths of time, and ordered them committed until the bonds shall be forthcoming.

In the case of *Republica* v. *Donaghan and Cox*, 2 Yeates (Penn.) 437, the court required the defendants to give bond in the sum of ten thousand dollars each, conditioned for their good behavior for two years. They were acquitted on a criminal charge, but the evidence strongly tended to show that they were dangerous characters to the community. While it was not sufficient to convict them, the court required them to give the said bond, and the supreme court of Pennsylvania sustained the finding of the trial court, and refused to discharge them, although it was earnestly contended that the order of the court was equivalent to a sentence for a period of two years or longer.

In the case of *Bamber* v. *Commonwealth*, 10 Pa. St. Rep. ——, appellant Bamber was acquitted on trial, but the court, of its own accord and volition, required him to give a bond with security for his good behavior, which it seems he could not get, and there was a strong effort made to have the holding of the court in the former case, of *Republica* v. *Donaghan and Cox*, *supra*, overruled, and appellant discharged, but the court, without giving any

opinion, affirmed the action of the trial court and held the appellant under that order.

It seems that the appellant in the present case had notice that his conduct and doings were going to be the subject of scrutiny and inquiry, and that his character as a law-abiding citizen was put properly in issue, and while the proceeding does not conform to the common law, nor to the statutory proceedings, yet the evidence in the case abundantly justifies the court in requiring appellant to furnish security. It seems to me that this was with "due process of law" because the hearing of which he had notice was of such character as would enable him to make a proper defense to a proceeding of this kind. It does not appear from the record that he, after the judgment of the court, claims that he was surpirsed, or that he applied for any leave to present testimony in his own behalf, contesting the right of the state to put him under bond. I think it is true that under the common law practice, it took extraordinary misconduct to authorize a court to place a defendant under a peace bond in addition to the penalty prescribed by law, but in the present case, the court had ample foundation for its judgment, if it had jurisdiction at all to entertain it. Section 1562 recognizes that the court may in some cases impose a peace bond upon a defendant, without proceeding by affidavit charging him with specific acts and threats against the peace and welfare of the community or any citizen thereof. There might be no less sound discretion in the court to impose this obligation or requirement upon the appellant than it would have had on the facts of the case.

Of course, under section 1561 the testimony ought to show such character of misconduct or conduct, as would make the imposition of the peace bound an appropriate proceeding, but it does not require that the defendant shall have notice of the specific acts of the lawmakers that if it appeared to the court upon any showing that the defendant was a turbulent person or dangerous character, that the court could, as a preventive measure, re-

quire him to furnish security for keeping the peace. Of course, it is not contended that the court could have, with-out any showing whatever, on any other matter, require a person arbitrarily to enter into bond, or confine him for a failure so to do, but there must be a proceeding in court where the defendant would have a right to present testi-mony, and to challenge the truth of any allegations made against him. I think it would also have to be a pro-ceeding, in which, in some measure, his general character for peace would be involved, possibly in this sense, mean-ing a regard for the public statutes and welfare, and not being merely the antithesis of violence.

This is a rather novel point in the history of our state, but so far as I have been able to find, the court has not decided the power to make such a proceeding and the Pennsylvania cases are of interest, and I cite them as being persuasive of the common law in the matter.

SMITH, J., delivered the opinion of the court.

In February, 1911, appellant pleaded gulity to an indictment charging him with the unlawful sale of intoxi-cating liquor. At the succeeding term of the court judg-ment was entered upon this plea, by which appellant was sentenced to pay a fine of five hundred dollars and to ninety days in the county jail. This judgment further provides "that the payment of three hundred dollars of said fine and of ninety days' jail sentence be suspended during good behavior of the said defendant, and that he stand committed in the hands of the sheriff until the remainder of said fine, two hundred dollars, and costs of this court, be paid in full." At the succeeding term of the court the district attorney filed a motion requesting the court to enter an order directing the execution of the suspended portion of this sentence, and alleging that since the last term of the court defendant had engaged in the unlawful sale of intoxicating liquor, which allegation was supported by proof. This motion was by the court sus-tained, and a judgment entered directing the execution of

the suspended portion of the sentence, and that in addition thereto that appellant "be required to enter into bond with sufficient sureties conditioned according to law, in the sum of one thousand dollars, to keep the peace and be of good behavior for two years from and after this date." From this judgment appellant has appealed to this court.

This appeal was taken before the cases of *Fuller* v. *State*, 100 Miss. 811, 57 South. 806, and *Hoggett* v. *State*, 57 South. 811, were decided, wherein the power of a court to suspend the imposition and execution of a sentence was fully considered and determined. Appellant does not request us to review these decisions, but presents two questions not involved therein.

Section 1516 of the Code provides: "In case not capital the court shall order the convict to stand committed until the fine, costs and jail fees be paid." The original judgment entered upon appellant's plea of guilty does not direct that he stand committed until the full amount of the fine imposed should be paid, but "until the remainder of said fine, two hundred dollars and costs of this court, be paid." Appellant contends that he cannot now be imprisoned in order to coerce the payment of that portion of the fine, the collection of which was ordered to be suspended, because of the failure of the court to include in its judgment the direction that he be committed therefor. The failure of the court to comply with this statute does not relieve the convict from imprisonment on failure to pay a fine. Under section 837 of the Code, brought forward in chapter 109, Laws 1908, p. 105, imprisonment follows the failure to pay a fine without an order of the court to that effect. This section deals, not with what the court shall provide in its order, but with what shall be done with the convict after sentence has been imposed.

Again, appellant contends that the failure of the court to direct that he stand committed until the whole of the fine imposed has been paid means that the court never intended that he should pay the remainder thereof, and in fact intended to impose only a fine of two hundred dollars.

This position is wholly untenable, as a mere inspection of the judgment will disclose.

Section 1561 contemplates that the bond therein provided for shall be required as part of the judgment imposing the sentence upon the convict for the crime committed. After the close of the term at which the judgment was rendered, the court was without power to amend its judgment by adding this requirement thereto. Consequently, that portion of the judgment entered at the subsequent term requiring appellant to execute this bond was void. The remainder of the judgment directing the execution of the sentence is valid, for the reason that, wherever the sentence of a court imposed at a former term has not been executed, it has the power, though it may not be necessary, to order that it be executed.

The judgment of the court below is reversed in so far as it directs appellant to execute a bond to keep the peace and be of good behavior, and that portion thereof will be held for naught. In all other respects it is affirmed.

*Affirmed.*