RILEY   v.  CLOUD, SHERIFF.*

(Division A. March 15, 1926.)

· [107 So. 380.  No. 25502.]

CRIMINAL LAW. *Term of sentence, to serve thirty days in jail and stand committed thereto till fine is paid, extends to payment of fine, relative to time of commencement of subsequent sentence.*

    The term of the sentence, to serve thirty days in jail and pay a fine and costs and stand committed to the jail till the thirty days are served and the fine and costs are paid, does not end with the thirty days, but extends till fine and costs are paid, relative to commencement of a subsequent penitentiary sentence "to begin after expiration of term he is now serving in jail."

    *Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1374, n. 96 New.

APPEAL from circuit court of Madison county.
HON. W. H. POTTER, Judge.
*Habeas corpus* by D. L. Riley against M. M. Cloud, sheriff.  Petition denied, and relator appeals.  Affirmed.

*E. B. Harrell,* for appellant.

    The only question for this court to decide is: Does the detention of appellant in the county jail after the expiration of his first sentence amount to, in effect, sentence in the state penitentiary?

    If this detention had been due to his own act, then he should not be discharged; but being caused by the negligence of those who had him in custody, will the law now make him pay a double penalty as a premium for such negligence?  Section 1287, Hemingway's Code, makes it the duty of the circuit court judge to notify the warden of the penitentiary *by the next mail* after the sentence is given.  Section 1279, Hemingway's Code, requires the circuit clerk to furnish the secretary of the board of

trustees of the state penitentiary within five days after the adjournment of court, with the name of the person convicted, crime, term of sentence, and date of sentence.

Neither of these notices were given; consequently, the penitentiary authorities never called for the prisoner and he remained in the county jail until the term of the penitentiary sentence had expired. He was in effect a trusty during this period of his term, and cannot be incarcerated. "Where a petitioner, after being sentenced for a misdemeanor, was unlawfully released by the county judge, attorney and sheriff, before the expiration of his term, he was, in effect, a trusty during the balance of the term, and could not be incarcerated after the time had expired." Oklahoma Crim. Appeals, *Ex parte Eley,* 130 Pac. 821; *Ex parte Rand* (Ala.), 14 So. 540; *Ex parte Crews* (Ala.), 78 So. 457; *Kirby* v. *State,* 62 Ala. 51; *Ex parte King,* 82 Ala. 59; *Ex parte Knight,* 61 Ala. 482; *Harrington* v. *State,* 87 Ala. 482; *Ex parte Goucher,* (Ala.), 15 So. 601.

The sheriff claims that because the fine and costs imposed by the justice of the peace had not been paid at the date of the expiration of the justice of the peace sentence, to-wit, July 30, 1925, the continued service in the county jail should be credited to the payment of the fine and costs. This position is untenable. Such holding would give the sheriff power to suspend the judgments of all superior courts, even judgments for death penalties. See section 1294, Hemingway's Code; *Braxton* v. *State,* 103 Miss. 129. To hold that the sheriff had the power to refuse to deliver a prisoner, because the fine and costs of a prior judgment had not been paid, would nullify all statutory law and suspend the judgments of all courts.

We submit that the thirty-day sentence imposed by the justice of the peace having been fully satisfied, both by the payment of the cost and enduring the full punishment prescribed, the sheriff cannot now defend his position by such retroactive methods. The term of service

142 Miss.—23.

in the penitentiary began July 31, 1925, and expired September 30, 1925. The prisoner was not released until October 8, 1925. This case should be reversed and appellant discharged.

*J. A. Lauderdale,* assistant attorney-general, for the state.

On July 1, 1925, D. L. Riley was sentenced by a justice of the peace in Madison county to serve thirty days in the county jail, pay a fine of one hundred dollars and court costs and stand committed to the county jail until said thirty days were served and until said fine and costs were paid. The fine and costs were paid on September 28, 1925. The appellant remained in jail until this day. When the circuit judge sentenced this appellant to serve two months in the penitentiary on July 18, 1925, he knew that he had been previously sentenced to serve a period of thirty days in the county jail and until he paid a fine of one hundred dollars and court costs. He, therefore, made the sentence in his court to begin "after the expiration of the term he is now serving in the county jail."

One question raised by appellant is, when did this previous term expire? My contention is that it did not and could not expire until the thirty days were served and the fine and costs paid. That part of the judgment of the justice of the peace court requiring the defendant to be committed to jail until the fine and costs were paid was just as much a sentence that he be confined in jail as the thirty-day term was. On or about July 30, he had the right to pay his fine and costs and be discharged. In this way he would have suffered the punishment meted out to him by the justice of the peace and his sentence would have expired. After the thirty days had expired, his further term of confinement in the county jail was determined by his own act, his payment of the fine and costs or his failure to do so.

Argued orally by *E. `B. Harrell,* for appellant, and *J. A. Lauderdale,* assistant attorney-general, for the state.

McGOWEN, J., delivered the opinion of the court.

D. L. Riley, the appellant, sued out a writ of *habeas corpus* returnable before Hon. W. H. Potter, circuit judge of the Seventh district, against M. M. Cloud, sheriff of Madison° county, praying for his release from the custody of said sheriff. The petition for *habeas corpus* was heard and the prayer of the petition was denied, and the defendant, the appellant here, was ordered committed to the state penitentiary under a former sentence of the circuit court of Madison county.

The facts necessary to state are these: D. L. Riley on July 1, 1925, was sentenced by a justice of the peace in Madison county to serve thirty days in the county jail, also to pay a fine of one hundred dollars and court costs and to stand committed to the county jail until the said thirty days were served and until said fine and costs were paid. The appellant remained in jail from July 1, 1925, until September 28, 1925, the day on which he paid the fine and costs. In the meantime, on July 18, 1925, he was convicted and sentenced by the circuit court of Madison county to serve two months in the state penitentiary "to begin after the expiration of the term he is now serving in the county jail."

It appears that after the fine and costs were paid, the sheriff did not notify the penitentiary authorities to come for the prisoner, .because appellant's counsel requested the sheriff not to do so until he could have the petition for the writ of *habeas corpus* heard. It is the contention of the appellant here that upon completion of the thirty days' sentence which began to be served on July 1st, thereupon the penitentiary sentence began to be served by the relator and was completed on the date of the suing out of the writ of *habeas corpus* herein early in the month

of October, 1925, contending that the sentence of the circuit court for the relator to serve two months in the state penitentiary begun at the expiration of the thirty-day term imposed by the justice of the peace, and not after the payment of the fine and costs.

It is obvious to us that appellant's counsel is wrong in his contention, and that the term covered all that was included in the prior judgment of the justice of the peace, and that the penitentiary sentence did not take effect and begin to operate until the payment by the appellant of the fine and costs. The payment of the fine and costs was as much a part of the term of sentence as the jail sentence, and the circuit judge had the right so to fix the beginning of the penitentiary sentence.

If the court had not fixed the date at which the sentence in the penitentiary was to begin, it would have been fixed by law on the day of the rendition of the judgment. Until the defendant paid his fine and costs, the term imposed by the justice of the peace had not been concluded.

In *Braxton* v. *State,* 60 So. 66, 103 Miss. 127, Judge REED, as the organ of the court, said:

"Sentences in criminal proceedings in this state will take effect and begin to operate from the date of their entry in the judgment of the court, unless some other date be inserted therein."

In this case the penitentiary sentence did not take effect until September 28th, the date on which the fine and costs were paid by Riley, the appellant.

*Affirmed.*