MORRIS *v.* WALDROP, SHERIFF.[*]

(Division B. Nov. 5, 1928.)

[118 So. 621. No. 27403.]

[*]Corpus Juris-Cyc References: *Habeas Corpus,* 29CJ, section 50, p. 59, n. 9.

*Goss & Goss,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for appellee.

ANDERSON, J. Appellant filed her petition in the chancery court of Marion county against the appellee, the sheriff of that county, for a writ of *habeas corpus* for her release from the custody of the sheriff. There was a trial on the petition, answer thereto, and proof, resulting in a decree dismissing the petition. From that decree appellant prosecutes this appeal.

At the December, 1927, term of the circuit court of Marion county, appellant was indicted of the crime of unlawful possession of intoxicating liquor, to which charge appellant pleaded guilty and was by the court sentenced to pay a fine of five-hundred dollars and serve a term of thirty days in the county jail. However, the judgment of the court suspended the payment of four hundred dollars of the fine and the jail sentence until further order of the court. The judgment provided that the appellant should be confined in the county jail until one hundred dollars of the fine had been paid. On the 17th day of April, 1928, less than four months from the time appellant had been committed to the county jail to serve the sentence of the court, she filed the petition in this case, which, omitting the formal parts, is in this language:

"Petitioner, Lizzie Morris, a resident citizen of Marion county, Mississippi, exhibits this, her petition, against W. B. Waldrop, now acting and qualified sheriff of Mar-

ion county, Mississippi, and with respects shows the following facts, to wit:

"That the petitioner was indicted by the grand jury for Marion county, Mississippi, at the December term, 1927, in the circuit court of said county and state, and was by that body charged with the unlawful possession of intoxicating liquors, and upon being arraigned upon said charge, entered a plea of 'guilty,' and was by the court sentenced to pay a fine of one hundred dollars together with the costs of court, and since said sentence at the December term, 1927 of the circuit court, has been confined in the county jail at Columbia, Marion county, Mississippi. A copy of said judgment is hereto attached marked Ex. A.

"The petitioner would further show unto this Honorable Court that she was first charged in the city court of Columbia, Mississippi, with having unlawfully intoxicating liquors in her possession, and there she entered a plea of 'guilty' to said charge, and was sentenced to pay a fine of one hundred dollars and to serve a sentence of thirty days in the city jail at Columbia, Mississippi, and after serving said time out in jail and paying her said fine, she was indicted by the grand jury for the same offense, and entered a plea of 'guilty' to said charge in the circuit court as above set out.

"Petitioner would further show that she is absolutely unable to pay said fine as was adjudged against her in the said circuit court on said charge above set out, and that she has since her said sentence been confined in the county jail in Columbia, Marion county, Mississippi, and that she has made every endeavor to secure the amount of said fine and costs, but that after being confined in the said Marion county jail for one hundred and twenty days she has failed to secure said amount with which to pay said judgment and to satisfy same.

"The petitioner would show that her long confinement in said Marion county jail on said charge has caused her

to become weak in mind and body, and that her weight of over two hundred pounds has been one cause of her said confinement being injurious to her health, and petitioner alleges that said confinement has been the cause of permanent injuries to her health. And now, petitioner would show that no credit whatsoever has been given to her on said judgment and fine thereunder of one hundred dollars for the four months which she has been confined in the Marion county jail, and that her confinement will be indefinite under the said fine of one hundred dollars unless the same shall be paid, which is absolutely impossible as the petitioner has no way in which to pay the said fine and satisfy the said judgment, nor has she any way of earning sufficient money to pay the said judgment, and she is not being credited with anything on her said fine by being confined, and as she is unable to make any money unless she is released.

"The petitioner would show that Marion county has no county farm, as the board of supervisors of Marion whereby the petitioner or any other convict sentenced to pay a fine can work out their said fine and costs of court by receiving credit for labor performed on said farm, or otherwise, as is provided by law, or taken any steps whereby petitioner may be liberated from the custody of said sheriff.

"The petitioner, therefore, alleges that by her confinement in jail on said judgment and fine of one hundred dollars she has not been permitted to work out her said fine as is provided by law, and that the board of supervisors of Marion county have provided no way whereby petitioner could work out her said fine, as they have failed to establish a county convict farm, or otherwise provide employment; therefore, petitioner alleges that she is held a prisoner without authority of law, and that she is unlawfully and unjustly confined, and is illegally deprived of her liberty, and that she is now held in the custody of W. B. Waldrop in the Marion county jail,

which is in direct conflict with the Constitution and statute Laws of the state of Mississippi.

"Wherefore, the premises considered, the petitioner prays that a writ of *habeas corpus* issue, directed to the said W. B. Waldrop, Sheriff of Marion county, Mississippi, returnable before your Honor at such time and at such place as your Honor may deem proper and just, and to produce the body of the petitioner, and to show cause, if such he can, why the petitioner should not be set at liberty and released from the custody of the said sheriff. And, duty bound, the petitioner herein shall ever pray."

Appellee answered the petition setting up that appellant was held in the county jail because of her failure to pay the fine of one hundred dollars. Chapter 168, Laws of 1908 (Hemingway's 1927 Code, section 4406), provides in its first paragraph as follows:

"It shall be the imperative duty of the board of supervisors in each county to require each convict sentenced to imprisonment in the county jail, and to the payment of a fine and costs, or sentenced to imprisonment in the county jail, or to the payment of a fine and costs, to work out the sentence in one of the three following modes."

Section 8, Chapter 109, Laws of 1908 (Hemingway's 1927 Code, section 4396), provides:

"The wages of convicts who work on public roads, or works or farms, shall be fixed by the board of supervisors within the following limit: Convicts of the first class between eight and twenty dollars a month, and of the second class between five and fifteen dollars, but individual cases the board may designate higher wages on account of special skill or other good reasons for any convict and the board shall provide for allowance of so many days in each month for good behavior and faithful labor and may discharge a convict for meritorious service."

The last sentence of the second paragraph of the statute first above referred to is in this language:

"No convicts shall be held in custody for fines and imprisonment longer than two years."

The board of supervisors of Marion county had provided neither method set out in the statute by means of which the convicts of the county could work out their fines and costs; and appellee's position is, for that reason she was entitled to be discharged from the imprisonment.

It is at once apparent, however, that appellant would not be entitled to be discharged if the board of supervisors had obeyed the command of the statute and had fixed a wage for her labor even at the maximum amount allowed by the statute, namely, twenty dollars a month, and she had put in full time at labor in the manner provided by the board, for at the time of filing her petition for the writ, and also at the time of the trial of this cause, she had served less than four months of her imprisonment. The question, therefore, whether under any conditions a county convict would be entitled to his discharge because of the failure of the board of supervisors of the county to obey the command of the statute, is not presented in this case. That question will be decided when it is properly before this court.

*Affirmed.*