209 So.2d 899 (1968)
STATE of Mississippi
v.
Gus HAMPTON, Jr.
No. 44731.
Supreme Court of Mississippi.
March 25, 1968.
Rehearing Denied May 27, 1968.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellant.
Appellee not represented in Supreme Court by Counsel.
GILLESPIE, Presiding Justice:
The question in this case is: When an indigent person is convicted of a misdemeanor and sentenced to pay a fine, may he be confined in jail until his fine is paid? We hold that he may be so confined for a period not to exceed the time specified by statute.
Appellee was convicted of several misdemeanors and sentenced to nine months imprisonment and fined $800. He served the nine months imprisonment and filed a petition for habeas corpus. He alleged that because of indigency he was unable to pay the fine and that his confinement was unlawful and constituted cruel and inhuman punishment. Upon a stipulation of the facts as alleged, the Circuit Court of Lauderdale County sustained the petition and discharged appellee. The State appealed.
Mississippi Code 1942 Annotated, section 7899 (1956) provides in part as follows:
Every convict sentenced to imprisonment in the county jail, or to such imprisonment and the payment of a fine, or the payment of a fine, shall be committed to jail, and shall remain in close confinement for the full time specified for imprisonment in the sentence of the court, and in like confinement until the fine, costs and jail fees be fully paid.
The statute limits confinement for non-payment of a fine to two years. Mississippi Code 1942 Annotated, section 7906 (1956) provides that a prisoner is credited with $3 per work day against his fine. This court has rejected the argument that imprisonment for non-payment of a fine constitutes cruel and inhuman punishment. Morris v. Waldrop, 151 Miss. 553, 118 So. 621 (1928); Riley v. Cloud, 142 Miss. 352, 107 So. 380 (1926); Buck v. State, 103 Miss. 276, 60 So. 321 (1912). Nor does such confinement violate the constitutional prohibition against imprisonment for debt. Ex Parte McInnis, 98 Miss. 773, 54 So. 260 (1910).
*900 The circuit court erred in releasing appellee and the order is reversed and one entered here dismissing the petition for habeas corpus.
Reversed and rendered.
RODGERS, JONES, BRADY and SMITH, JJ., concur.