GILLESPIE, Presiding Justice:
The principal question involved in this appeal is whether imprisonment of an indigent defendant for failure to pay a fine constitutes a deprivation of due process and equal protection of the law. We hold that it does not.
On a plea of guilty to a misdemeanor charge of disturbance in a public place in violation of Mississippi Code 1942 Annotated, Section 2090.5 (1956), appellant was sentenced to serve six months in jail and to pay a $500 fine, the maximum penalty under the statute. She was committed to the county jail. After she served six months in jail, appellant was unable to pay the fine because she was indigent and remained in jail to work out her fine. She then sued out a writ of habeas corpus which was heard by the judge of the County Court of Tunica County, who entered an order dismissing the writ. The petitioner perfected an appeal to this Court.
This question was raised in the recent case of State v. Hampton, 209 So.2d 899 (Miss.1968), and decided adversely to appellant. We have re-examined the question in the light of additional authorities cited by the appellant in her brief.
Mississippi Code 1942 Annotated Section 7899 (1956) provides that every person sentenced to pay a fine shall be committed to jail and there remain until the fine and costs be fully paid, but no person shall be held in continuous confinement under a conviction for any one offense for failure *726 to pay fine and costs for a period of more than two years. Section 7906 provides that a convict shall receive a credit on his fine and costs at the rate of $3 per day.
In Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the State was required to provide a transcript to indigents who would otherwise be unable to appeal the decision of the trial court. The court.held that under the equal protection and due process clauses all people charged with crime, so far as the law is concerned, stand on an equal basis before the bar of justice in every American court, and that in a criminal case no state could discriminate on account of the poverty of the defendants. Since Griffin the right to counsel was required in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963), the right to counsel on appeal was required in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and the right to appeal in forma pauperis was assured in Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963).
In Privitera v. Kross, 239 F.Supp. 118, (S.D.N.Y.) Aff’d (2d Cir.), 345 F.2d 533, cert. denied 382 U.S. 911, 86 S.Ct. 254, 11 L.Ed.2d 163, the same contention made in the present case was decided adversely to the indigent defendant and the Court stated that Griffin and the cases following Griffin, “have not yet been construed to compel government, State or Federal, to eradicate from the administration of criminal justice every disadvantage caused by indigence.” 239 F.Supp. at 120-121.
Appellant relies on People v. Saffore, 18 N.Y.2d 101, 271 N.Y.S.2d 972, 218 N.E.2d 686 (1966), where the court invalidated an order of imprisonment for failure to pay a $500 fine after the indigent defendant had served the jail term of a sentence of one year in jail and a fine of $500. The court stated that imprisonment to work out a fine because of indigence violated the defendant’s right to equal protection of the law if its results in a total imprisonment for more than one year.
In the recent case of People v. Williams, 244 N.E.2d 197 (111.1969) the Supreme Court of Illinois was not persuaded by the Saffore case and upheld imprisonment of an indigent defendant for failure to pay the fine after serving the imprisonment part of a sentence which included imprisonment for one year in the county jail and a fine of $500. The judgment provided that in default of payment of the fine and costs defendant should stand committed to jail to satisfy the fine and costs at the rate of $5 per day of imprisonment. The Illinois court stated that “* * * there is no denial of equal protection of the law when an indigent defendant is imprisoned to satisfy payment of the fine.” 244 N.E.2d at 200.
 We are not persuaded that appel-ant’s imprisonment for failure to pay the fine constitutes a denial of equal protection of the law or due process. The fine was imposed not because appellant was indigent, but because she violated the law. This Court would be quick to condemn as invidious discrimination the imposition of a fine or imprisonment because the defendant is indigent. There is nothing to suggest that such was the case in the imposition of sentence on appellant. Once a sentence is lawfully imposed the economic status of the defendant neither gives nor takes away any constitutional right. In many statutes of this state, the only punishment is a fine. If violators cannot be jailed for failure to pay the fine they have immunity.
We are also of the opinion that there is no merit in the other arguments, including the contention that the confinement of appellant for failure to pay the fine is cruel and unusual punishment. This argument was also rejected in the recent case of State v. Hampton, supra.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.