Chief Judge Desmond.
On June 1, 1965 defendant, having pleaded guilty to the misdemeanor of assault, third degree, was given the maximum sentence allowed therefor by law, that is, he was ordered imprisoned for one year, and was required also to pay a fine of $500, the fine, if not paid, to be served out at the rate of one day’s imprisonment for each dollar remaining unpaid (Penal Law, § 245; Code Crim. Pro., §§ 484, 718). Defendant, married and a father, had no funds or property and was unable to pay the fine, as is undisputed and as was known to the sentencing court. That court had granted defendant’s motion to have counsel assigned to him because of his indigency (on the same ground counsel was later assigned to him in the Appellate Division and in this court). Thus the sentence meant that, whereas the maximum term of imprisonment for a misdemeanor is one year (eight months with time off for good behavior), this judgment sent defendant into confinement for eight months plus 500 days. Indeed, at the time of the argument of the appeal in this court (in June, 1966), he had already *103 been an inmate of the penitentiary for more than a year, besides having been previously in jail for about nine months awaiting trial. The fine will not be served out in full until November, 1966 at which time he will have been a prisoner for 26 months for a crime for which the Legislature has imposed a maximum of one year’s imprisonment. We have for determination, therefore, a question of law ns to whether a defendant who has no money or property can be made to serve out a fine a $1 per day, in addition to the maximum term of imprisonment.
The practice of jailing a convicted defendant for nonpayment of a fine is an ancient one but the courts have always held that such incarceration is not part of the punishment but a means of collecting the fine (Matter of McKinney v. Hamilton, 282 N. Y. 393; Kane v. People, 8 Wend. 203; City of Buffalo v. Murphy, 228 App. Div. 279, 287; Ex Parte Garrison, 193 Cal. 37; Ex Parte Converse, 45 Nev. 93; see discussion in People v. Stock, 26 App. Div. 564, 567-568, affd. on opn. below 157 N. Y. 681). “ The commitment authorized by section 718 for failure to pay a fine does not increase the penalty specified in the criminal statutes to which it is applicable. It follows only upon a defendant’s failure to pay the fine and is a means of bringing about collection of the same. 'It is well settled that this remedy is not part of the sentence * * * A direction, - in a sentence imposing a fine that defendant stand committed until the fine is paid is no part of the penalty for the offense,: but is merely a means of compelling obedience to the judgment of the court.’ ” (McKinney opinion, supra, pp. 397-398.) In Chapman v. Selover (225 N. Y. 417, 421) Judge Caedoxo elaborated on this by explaining that “ The state when it punishes misdenjeanors by fine, is not confined to the dubious remedy of a civil action for a penalty”. Imprisonment is, he explained, another remedy which the State may employ against “ The offender who refuses to pay”. Therefore, it runs directly contra to the meaning and intent of section 484 of the Code of Criminal Procedure to order a defendant to stay in prison until he pays a fine, when the court knows that he cannot possibly pay it. This ;is not the use of a lawful means for enforcing payment but is an illegal method of requiring imprisonment far beyond the maximum term of imprisonment allowed by the statute whieh.'sets a one-year limit on incarceration for a misdemeanor violation. A similar question *104 was put to us in People v. Letterio (16 N Y 2d 307) but not directly passed upon. Since imprisonment for nonpayment of a fine can validly be used only as a method of collection for refusal to pay a fine we should now hold that it is illegal so to imprison a defendant who is financially unable to pay.
Defendant would have us put our decision on constitutional grounds. He argues persuasively that under Griffin v. Illinois (351 U. S. 12), People v. Pride (3 N Y 2d 545) and other similar decisions it is a denial of due process and of equal protection of the law to let a defendant’s lack of money determine how long he must be imprisoned. The man who can pay and the man who cannot are not treated equally. Another specification of unconstitutionality suggests itself. Section 5 of article I of our State Constitution, like the Eighth Amendment to the Federal Constitution, forbids the imposition of “excessive fines”. There seem to be no controlling decisions on the question of what is an excessive fine (however, see as to “ excessive bail ” as applied to fines, Douglas, J., Cohen v. United States, 7 L. Ed. 2d 518). The phrase “ excessive fine ”, if it is to mean anything, must apply to any fine which notably exceeds in amount that which is reasonable, usual, proper or just. A fine of $500 for a common misdemeanor, levied on a man who has no money at all, is necessarily excessive when it means in reality that he must be jailed for a period far longer than the normal period for the crime, since it deprives the defendant of all ability to earn a livelihood for 500 days and since it has the necessary effect of keeping him in the penitentiary far longer than would ordinarily be the case. To make it worse, this fine is to be served out at the absurdly low rate of $1 per day in a State where the Legislature has recently imposed a minimum wage of $1.50 per hour.
We do not hold illegal every judgment which condemns a defendant to confinement if he does not pay his fine. We do hold that, when payment of a fine is impossible and known by the court to be impossible, imprisonment to work out the fine, if it results in a total imprisonment of more than a year for a misdemeanor, is unauthorized by the Code of Criminal Procedure and violates the defendant’s right to equal protection of the law, and the constitutional ban against excessive fines,
*105 The judgment should be reversed and defendant discharged from custody.
Judges Fold, VaN Voorhis, Burke, Scileppi, Bergan and Keating concur.
Judgment reversed, etc.