108 Ariz. 310 (1972)
497 P.2d 523
In the Matter of the Application for a Writ of Habeas Corpus and a Petition for a Stay of Proceedings in Municipal Court of Rodney E. COLLINS, Jr., Petitioner.
No. H-585.
Supreme Court of Arizona, In Banc.
June 1, 1972.
Rehearing Denied June 27, 1972.
Dushoff, Sacks & Corcoran, by David C. Tierney, Phoenix, for petitioner.
C. Brad Woodford, Phoenix, for respondent City of Tempe.
STRUCKMEYER, Justice.
This is an original application for a writ of habeas corpus by Rodney E. Collins, Jr., asserting that he is an adult, unemployed student at Mesa Community College, confined at the time of the filing of this application as a prisoner in the Tempe City Jail. Petitioner was arrested on March 20, *311 1972 and charged with a misdemeanor, shoplifting a can of meat, a violation of A.R.S. § 13-673. On his plea of guilty, he was sentenced to pay a fine of $100.00 or be imprisoned for 40 days in the county jail. We accepted jurisdiction on petitioner's averments that he was jailed solely because he was too poor to pay the fine.
Severe penalties for nonpayment of fines are older than the common law itself. Under the Law of Moses, an individual unable to pay a fine could be stoned to death, Exodus 21:29-31. In ancient Rome, such an individual could be sold into slavery. In England in the Middle Ages, he could remain in prison for life. As long ago as 1910, the United States Bureau of Census reported that 58% of all inmates of United States prisons were committed for nonpayment of fines. See, Fines, Imprisonment and the Poor, 57 Cal.Law Rev. 778 et seq. (1969). Undoubtedly a great majority of those who fail to pay fines do so because of their poverty.
There has been, however, a growing condemnation of the practice of imprisonment for failure to pay a fine, based on the rationale that there can be no equal justice when the kind of punishment a man gets depends on the amount of money he has. The practice of imprisoning solely because of the inability to pay a fine has been, under varying circumstances, found unconstitutional by the Supreme Court of the United States in three recent cases, see, Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), as an invidious discrimination against the poor, a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. But the question whether a sentence in the alternative, e.g., $100.00 or 40 days, can constitutionally be sustained was not directly presented.
In Arizona, an offense declared to be a misdemeanor is punishable by imprisonment in the county jail "for not to exceed six months, by a fine not exceeding three hundred dollars, or both," A.R.S. § 13-1645. It is clear that Arizona's statute is designed to permit the sentencing court to impose a penalty peculiarly tailored to the offense  either a fine, a jail sentence, or both, as a criminal deterrent depending upon the moral degeneracy evidenced by the circumstances surrounding the commission of the offense. It is equally clear that although the statute is not per se constitutionally infirm, see also, A.R.S. § 13-1648, a sentence in the alternative may penalize an indigent by causing his imprisonment, thereby working the same invidious discrimination based on wealth held constitutionally impermissible in Williams, Morris and Tate.
A sentence of imprisonment on nonpayment of a fine has repeatedly been held to be no part of the punishment but simply a means of enforcing payment, see, e.g., People v. Saffore, 18 N.Y.2d 101, 103, 271 N.Y.S.2d 972, 218 N.E.2d 686, 687 (1966) and cases cited. Yet, manifestly, a criminal cannot avoid completely the deterring, corrective action of the state purely because of his indigency. The Equal Protection Clause does not place an indigent in a more advantageous position than one who is not an indigent. The most he can expect is a reasonable opportunity to discharge the fine before the alternative of imprisonment is invoked.
In Tate v. Short, the Court emphasized that its holding did not suggest any constitutional infirmity in imprisonment of a defendant with a means to pay a fine who refuses or neglects to do so. It also quoted with approval from the concurrence in Morris v. Schoonfield:

"`[T]he same constitutional defect condemned in Williams also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person *312 willing and able to pay a fine. In each case, the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.'" Tate v. Short, 401 U.S. at 398, 91 S.Ct. at 671, 28 L.Ed.2d at 133. (Emphasis supplied.)
We cannot assume the Supreme Court of the United States unadvisedly adopted this language.
Petitioner, on informal argument before this Court, urged that the Tempe Municipal Court, by its order, automatically converted the fine to a jail term because he could not forthwith pay the fine in full. We ordered that the cause be sent to the Honorable Donald F. Froeb, the Presiding Judge of the Superior Court of Maricopa County, Arizona, for an evidentiary hearing to determine whether petitioner was indigent at the time of sentencing.
At the hearing on April 14, 1972, the testimony of two witnesses was taken. The sentencing judge of the Tempe Municipal Court testified that petitioner told him that he was in no condition to pay any fine and that he knew of no one who could guarantee payment; that usually an indigent is allowed six months, but that petitioner said he could not pay in installments.
Petitioner testified that his parents were sending him $60.00 a month and that he had no other income and no assets other than his clothes. He also testified: "I would have gotten a job and tried to pay it * * *."
At the end of the hearing, Judge Froeb found that at the time of sentencing the Tempe Municipal Court had made a determination as to the indigency of petitioner, but concluded that while at the time of sentencing petitioner did not have $100.00 to pay the fine, he was not an indigent person under the commonly accepted definition of that term. However, as to Judge Froeb's conclusion, we are of a different view.
A consideration of the quoted portion of Morris v. Schoonfield that there is a constitutional defect inherent in jailing an indigent for failing to make immediate payment of a fine compels us to believe that indigency does not have the connotation of wholly devoid of any means. A criminal defendant may be indigent in the constitutional sense if through the force of circumstances he is incapable of paying a fine forthwith. And, since a fine cannot be converted into a jail term solely because it cannot be paid immediately, a reasonable opportunity to discharge the fine must be given before the alternative of imprisonment is invoked.
The foregoing brings us to what we have decided is the proper disposition of this case. By the Arizona Constitution, Article 6, § 5(5), A.R.S., this Court has the power to make rules relative to all procedural matters in any court in Arizona. Pursuant to the authority therein granted, we approve so much of the American Bar Association's Minimum Standards for Criminal Justice, Relating to Sentencing Alternatives and Procedures, § 2.7(b) and (c), as is herein quoted:
"(b) Whether to impose a fine in a particular case, its amount up to the authorized maximum, and the method of payment should remain within the discretion of the sentencing court. The court should be explicitly authorized to permit installment payments of any imposed fine, on conditions tailored to the means of the particular offender.
(c) In determining whether to impose a fine and its amount, the court should consider:
(i) the financial resources of the defendant and the burden that payment of a fine will impose, with due regard to his other obligations;
(ii) the ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court;

*313 (iii) the extent to which payment of a fine will interfere with the ability of the defendant to make any ordered restitution or reparation to the victim of the crime; and
(iv) whether there are particular reasons which make a fine appropriate as a deterrent to the offense involved or appropriate as a corrective measure for the defendant."
Since petitioner testified at the hearing before Judge Froeb that he would make an effort to pay a fine, his application for a writ of habeas corpus is granted. The stay heretofore issued is vacated. Petitioner is ordered returned to the Tempe Municipal Court with directions that he be given an appropriate time period within which to pay any fine imposed after an allowance for the eight days which he has served in jail, and that upon failure to comply with the court's order for the payment of the fine, he shall be forthwith recommitted to jail to serve the alternative sentence.
HAYS, C.J., CAMERON, V.C.J., and LOCKWOOD and HOLOHAN, JJ., concur.