BOARDMAN, Acting Chief Judge.
The state appeals a county court order finding the enhanced penalty provisions of section 318.18(3), Florida Statutes (Supp. 1980) unconstitutional and directing the clerk of the court not to accept or collect the enhanced fines imposed by that section. We hold that the challenged subsection is constitutional; we therefore reverse.
Appellee Bill M. Garner was given a traffic citation for traveling 70 miles per hour in a 55 mph zone on October 2, 1980. He argued that the amended portion of section 318.18(3) (the amended portion took effect on October 1, 1980) was unconstitutional.
Section 318.18 provides in pertinent part: The penalties required for a noncriminal disposition pursuant to s. 318.14(1), (2), and (4) shall be as follows:

(3) Twenty-five dollars for all moving violations not requiring a mandatory appearance. In addition to this $25 fine, when the lawful speed limit is 55 miles per hour, a fine of $25 is imposed on any person convicted of exceeding such speed limit by more than 10 miles per hour and less than 25 miles per hour, and a fine of $50 is imposed on any person convicted of exceeding such speed limit by 25 or more miles per hour, including those persons convicted under the provisions of s. 318.-19(3). Whenever the court imposes the penalty of attending a driver improvement school under the provisions of s. 318.15 or s. 322.291 and the fine is waived, the added fine of $25 or $50 shall not be waived but shall be paid to the Traffic Violations Bureau and distributed as provided in ss. 34.191 and 316.660.
(Italicizing indicates new language.)
The trial court agreed and found the portion of section 318.18(3) italicized above unconstitutional. Therefore, although the court found appellee guilty, it fined him only $25. This appeal by the state followed timely.
The rule in Florida has long been that when the constitutional validity of a statute is under attack, “the statute stands unless it conclusively appears that there are or can be no conceivable circumstances upon which it can validly operate or that under no circumstances can it operate or be effective to accomplish the intended purpose, without violating organic rights.” Hunter v. Owens, 80 Fla. 812, 828, 86 So. 839, 844 (1920); Knight & Wall Co. v. Bryant, 178 So.2d 5 (Fla.1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 *1335 (1966). A classification that is based on a real difference which is reasonably related to the subject and purpose of the regulation will be upheld even if another classification or no classification might appear more reasonable. Finlayson v. Conner, 167 So.2d 569 (Fla.1964).
The trial court recognized both fuel conservation and public safety as justifiable public policy bases for the statutory amendment in question. However, the trial court concluded that the amendment was unconstitutional because it addressed only the circumscribed situation where the posted speed limit is 55 mph, commenting:
[T]he same car will burn the same amount of gasoline if it’s going 85 miles per hour on 1-75 with its 55 mile per hour zones, as it will across Crayton Road in the City of Naples, with its 30 mile per hour speed zones. .
Likewise, ... [as to public safety] the enhanced penalty does not apply to any other posted zone, conspicuously absent being school zones, residential neighborhoods or hospital zones where the posted speeds are most often in the 25 mile per hour category.
While the trial court’s reasoning is not without logic, the court overlooked the well-known precept that the legislature may attack any part of an evil without addressing the entire problem. As the Florida Supreme Court stated in Pacheco v. Pacheco, 246 So.2d 778, 781 (Fla.1971), “It is sufficient to satisfy the constitutional requirement of equal protection if the statute applies equally and uniformly to all persons similarly conditioned.” See also Haber v. State, 396 So.2d 707 (Fla.1981).
Anyone speeding in excess of 65 mph in a 55 mph zone is subject to the additional fine.
Clearly, the increased penalty here would create a circumstance where fewer persons would speed in excess of 65 mph in situations where such speeds might otherwise be likely. This would accomplish both of the valid intended purposes of fuel conservation and highway safety.
The legislature chose to attack the evil of excess speeding in zones where high speeds already existed. It is conceivable that the legislature felt that speeds over 65 mph were more likely to occur in zones where 55 mph speeds were already allowed and, therefore, chose to legislate against only this evil.
The trial court additionally felt that there was a conflict between sections 318.-18(3) and 318.14(5), stating: ■
[T]he enhanced penalty section can be totally evaded should the driver elect to appear before the official hearing the case [since section 318.14(5) provides]:
Any person electing to appear before the designated official or who is required so to appear shall be deemed to have waived his right to the civil penalty provisions of 318.18. (emphasis added).
Thus, there appears to be a conflict or inconsistency between the language of F.S. 318.18(3) and 318.14(5), because the person not electing to appear can pay a greater penalty than one who does elect to appear. This is due to the fact that the hearing official now has the discretion to not charge any penalty, even if the driver was adjudicated guilty, the hearing official could withhold adjudication or, of course, the hearing official could fine up to $500.00. There is no requirement under these circumstances that the hearing official impose any enhanced penalty.
We disagree with the trial court’s construction of these statutes. While it is true that there is an apparent conflict between the two sections, it is our obligation to harmonize them if possible. State ex rel. School Board of Martin County v. Department of Education, 317 So.2d 68 (Fla.1975). As stated in Curry v. Lehman, 55 Fla. 847, 854-55, 47 So. 18, 21 (1908):
It is to be presumed that different acts on the same subject passed at the same session of the Legislature are imbued by the same spirit and actuated by the same policy, and they should be construed each in the light of the other. The legal pre *1336 sumption is that the Legislature did not intend to keep really contradictory enactments in the statute books, or to effect so important a measure as the repeal of a law without expressing an intention to do so. An interpretation leading to such a result should not be adopted, unless it be inevitable. The rule of construction in such cases is that if courts can, by any fair, strict, or liberal construction, find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation upon the subject, it is their duty to do so.
It is true that the person not electing to appear in court may end up paying a greater penalty then one who does appear. However, the provisions of section 318.14(5) that one charged with a traffic infraction enumerated therein may either pay the civil penalty established in section 318.18 or request a full hearing to contest the citation and that, if commission of the infraction is proven, the official may impose a civil penalty not to exceed $500 or require attendance at a driving school or both has been held constitutional. Levitz v. State, 339 So.2d 655 (Fla.1976). Contrary to the trial court’ assumption, moreover, under section 318.18(3) as amended, a person who contests a charge of speeding over 65 mph in a 55 mph zone and is found guilty must pay the enhanced penalty ($25 for a speed between 65 and 80 mph, and $50 for a speed of 80 mph or higher) even if the $25 fine prescribed in section 318.18(3) for moving violations in general is waived. While this provision might at first glance seem to conflict with the absolute waiver of the civil penalty provisions of section 318.18 set forth in section 318.14(5), it is readily apparent that there is no real conflict. The clear intent of section 318.14(5), as evidenced by the use of the language that a person electing to appear in court waives his right to the civil penalty provisions, is that such a person gives up his right to be fined only a nominal sum (no more than $25) and takes the risk of being fined up to $500, as well as the risk of being required to attend a driver improvement school. In other words, section 318.14(5) was clearly not intended to prohibit the assessment of a fine in the amount of the prescribed civil penalty provisions against a person who appears in court, but only to afford the hearing official the discretion to vary the amount of the fine either up or down. The fact that this discretion has now been limited so that a minimum fine of $25 or $50 must now be imposed on anyone convicted of speeding in excess of 65 mph in a 55 mph speed zone creates no conflict between the statutes.
Accordingly, the trial court’s order ruling section 318.18(3), Florida Statutes (Supp. 1980) unconstitutional is REVERSED and the cause REMANDED. However, the trial court is not required by our mandate to increase the amount of the fine against appellee; the court may, in its discretion, choose to treat the $25 fine originally imposed as the additional fine required by the amendment to section 318.18(3) and to waive any further fine.
RYDER, J., concurs.
GRIMES, J., concurs in part and dissents in part, with opinion.