MINER, CHARLES E., Jr., Associate Judge.
The State of Florida appeals an order of the Broward County Court finding the enhanced penalty provisions of Section 318.-18(3), F.S., 1980 to be unconstitutional.
Appellee, Amos Jackson, Jr., was issued a traffic citation for driving at a speed of 82 mph where the posted speed limit was 55 mph. He originally entered a plea of not guilty but later changed his plea to no contest and moved for reduction of penalty by asserting that Section 318.18(3) was unconstitutional.
Section 318.18(3) provides a basic civil penalty for moving traffic violations which do not require a mandatory court appearance. This section further provides for additional fines when the lawful speed limit is 55 mph and establishes categories of additional fines based upon the amount by which the speed limit is exceeded. Since Mr. Jackson was cited for exceeding the posted speed limit by 27 mph, his fine could have been the maximum amount established by Section 318.18(3). The trial court agreed with appellee’s assertion and found Section 318.18(3) to be unconstitutional, basing its decision on similar findings by other trial courts.[1] From this finding the State filed a timely appeal.
Jackson first argues that the State of Florida has waived the right to appeal by failing to appear in the trial court to argue the constitutionality of the statute. We find this contention to be without merit. State v. Johnson, 345 So.2d 1069 (Fla.1977).
We note that the trial judge did not specify in the order appealed from the rea *1098 sons for finding Section 318.18(3) unconstitutional. The opinions in the footnoted cases and cited in his order appear to be couched in terms of the equal protection clauses of the United States Constitution and the Florida Constitution. Additionally, the memorandum submitted to the trial court by the defendant-appellee asserted that the surcharges established by Section 318.18(3) violated the constitutional prohibition against excessive fines. Since we cannot be certain of the grounds upon which the trial court ruled, we shall address both issues.
It is long established that an act of the Legislature carries with it a presumption of constitutional validity, and doubts must be resolved in favor of the will of the Legislature. State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 So. 929 (1905); State ex rel. West v. Butler, 70 Fla. 102, 69 So. 771 (1914). When the Legislature creates specific classifications within the scheme of a statute, those classifications will be upheld where the distinction rests upon some “. .. real and practical basis in relation to the purpose of the legislation.” Gluesenkamp v. State, 391 So.2d 192, 200 (Fla.1980).
In this regard, we adopt the reasoning of our sister court in the Second District in State v. Garner, 402 So.2d 1333 (Fla. 2d DCA 1981). We find that the Legislature could reasonably determine that highways with 55 mph speed limits required special attention to protect the safety of our citizens. Since the classifications created by Section 318.18(3) rests upon a real and practical basis in promoting highway safety, they are constitutionally sound.
With respect to appellee’s excessive fine argument, the standard to be applied was enunciated by the Florida Supreme Court in Amos v. Gunn, 84 Fla. 285, 94 So. 615, 641 (1922). There the Court stated “. .. the courts will not declare a statutory fine to be excessive in violation of the Constitution unless it is plainly and undoubtedly in excess of any reasonable requirements for redressing the wrong.” This standard was later clarified in State v. Champe, 373 So.2d 874, 879 (Fla.1978) wherein the Court stated, “. . . the Legislature is free to set civil fines and penalties in amounts which are not so excessive as to be cruel or unusual ... . ” We find that the enhanced civil fines of $25 or of $50 are not so excessive as to be cruel or unusual. Nor are they in excess of reasonable requirements to redress the wrong of excessive automobile speeds on the state’s highways.
Accordingly we find Section 318.18(3), F.S. to be a valid exercise of the state’s police powers.
The Order of the Broward County Court dated December 19, 1980, and the Amended Order of that same court dated January 7, 1981 are hereby REVERSED, and the cause is REMANDED to the trial court for entry of a final order consistent with this opinion.
ANSTEAD and HURLEY, JJ., concur.

. State v. Garner, 80-7474-TB-C (Fla. 12th Cir. Ct., 1980); State v. Schwartzfelder, 80-108242-TT-A02 (Fla. Palm Beach Co. Ct., 1980); State v. Best, 80-108183-TT-A02 (Fla. Palm Beach Co. Ct., 1980).