■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KURT I. MYERS, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered October 2, 1984, upon a verdict convicting defendant of the offense of operating a motor vehicle while under the influence of alcohol.

After being involved in a two-car accident in the City of Binghamton, Broome County, on November 11, 1983, defendant was arrested and subsequently indicted for the crime of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Defendant was found guilty after a jury trial of the offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). County Court imposed a period of imprisonment of 90 days in jail and a fine of $1,000. After sentence was imposed, defendant moved to be resentenced because of his alleged inability to pay the fine (see, CPL 420.10). After a hearing, the motion was denied and this appeal ensued. Defendant has served the jail sentence. The only issue on appeal is the excessiveness of the fine imposed.

Defendant's sole contention is that the fine is unconstitutionally excessive. Defendant contends that since he is a full-time student and, accordingly, without the income to pay the $1,000 levy, the fine is excessive. We disagree.

The cases cited by defendant in support of his position (*Tate v Short*, 401 US 395; *People v McArdle*, 55 NY2d 639; *People v Saffore*, 18 NY2d 101) are not inapplicable to the factual pattern herein. Defendant is not an indigent man whose only alternative to paying the fine is jail. On the contrary, defendant is an individual with a 10-year history of drunken driving. He is a college graduate who has been employed on two occasions by IBM and Chenango Industries, two highly respected employers. Yet, after serving his jail term, he chose to get married and to enroll in school as a full-time student. Obligations are not so easily avoided. Such actions do not demonstrate an inability to pay the fine as much as an intention not to pay the fine.

Judgment affirmed. Mahoney, P. J., Kane, Main, Mikoll and Harvey, JJ., concur.