795 P.2d 217

**STATE of Arizona, Appellee,**

v.

**Andre WISE aka Thomas Bowser, and Ronald Jackson, Appellants.**

**Nos. 1 CA–CR 88–1105, 1 CA–CR 88–1167.**

Court of Appeals of Arizona, Division 1, Department B.

May 8, 1990.

Reconsideration Denied Aug. 8, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., Joseph T. Maziarz, Randall M. Howe, Asst. Attys. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellants.

## OPINION

KLEINSCHMIDT, Judge.

The defendants, Andre Wise and Ronald Jackson, were arrested in Yavapai County after a revolver and eight kilograms of cocaine were found in their vehicle. Wise told investigators that he was transporting the cocaine from Nevada to North Carolina to deliver to a contact. Jackson admitted that he was assisting in the delivery.

Wise pled guilty to possession of narcotics for sale, a Class 2 felony. He was sentenced to nine years imprisonment and was ordered to pay the mandatory fine of three times the value of the drugs possessed,[1] not to exceed $150,000, together with the statutory surcharge of 37 per-

cent[2] and $100 to the Victim's Compensation Fund. This totals $205,600. He is to pay $1,000 per month beginning six months after his release from prison.

Jackson pled guilty to attempted possession of narcotics for sale, a Class 3 felony. He received seven years imprisonment and the same mandatory fine, to be paid at the rate of $250 per month beginning 120 days after his release from prison.

The only issues raised by either defendant in the consolidated appeals relate to the fines imposed. Their primary claim is that the fines are excessive within the meaning of the eighth amendment to the United States Constitution and within the meaning of article 2, section 15 of the Constitution of the State of Arizona. We reject this claim of error and all of Wise's other claims. We find, however, that the statute under which a mandatory fine was imposed on Jackson does not apply to attempted possession of narcotics for sale. We therefore vacate the order with respect to that fine.

## THE FINES ARE NOT EXCESSIVE

■ The eighth amendment to the Constitution of the United States and article 2, section 15 of the Arizona Constitution provide, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." One problem that clouds the issue is that the excessive fines clause and the cruel and unusual clause are sometimes confused. Massey, *The Excessive Fines Clause and Punitive Damages: Some Lessons from History*, 40 Vand.L.Rev. 1233, 1274 (1987).

The excessive fines clause is rooted in the English Declaration of Rights of 1689. *Id.* at 1243. From an early time, the pro-

---

1. The cocaine was valued at $280,000; thus the maximum fine was imposed under A.R.S. section 13–3408(E) and section 13–801, *et seq.* Section 13–3408(E) reads as follows:

   In addition to any other penalty prescribed by this title, the court shall order a person who is convicted of a violation of any provision of this section to pay a fine of not less than two thousand dollars or three times the value as determined by the court of the narcotic drugs involved in or giving rise to the charge,

whichever is greater, and not more than the maximum authorized by chapter 8 of this title. (Footnote omitted). A judge shall not suspend any part or all of the imposition of any fine required by this subsection.

2. Arizona Revised Statutes section 41–2403(A) (Supp.1989) levies a 37% surcharge in addition to, *inter alia,* any other criminal penalty provided by law.

portionality of the pecuniary penalty in relation to the offense, with an eye to the effect on one's ability to earn a living and support a family, has been a matter of judicial concern. *Id.* at 1250, 1260. Some courts have interpreted excessive fines clauses under other state constitutions, finding fines excessive only if they are so disproportionate to the offense that they shock public sentiment. Note, *Excessive Fine and the Indigent—An Historical Argument*, 42 Miss.L.J. 265, 266 (1971). On a few occasions, courts have articulated what is "excessive" as distinguished from what is "cruel and unusual." For example, an excessive fine is one that exceeds reasonable, usual, proper, or just punishment. *People v. Saffore*, 18 N.Y.2d 101, 104, 271 N.Y.S.2d 972, 975, 218 N.E.2d 686, 688 (1966). An excessive fine is one so disproportionate to the offense that it shocks public sentiment and affronts the judgement of reasonable people. *Hindt v. State*, 421 A.2d 1325, 1333 (Del.Super.Ct.1980); *see also State v. Mulalley*, 127 Ariz. 92, 95, 618 P.2d 586, 589 (1980) (employing similar general language and upholding a mandatory life sentence for deadly assault by a prisoner). Courts will not declare a statutory fine violative of the constitution unless it plainly and undoubtedly exceeds any reasonable requirements for redressing the wrong. *State v. Jackson*, 417 So.2d 1097, 1098 (Fla.App.1982).

A least one general authority has given some guidance that suggests a kind of loose proportionality test.

> In determining whether a fine authorized by statute is excessive in the constitutional sense, due regard must be had to the object designed to be accomplished, to the importance and magnitude of the public interest sought to be protected, to the circumstances and nature of the act for which it is imposed, to the preventive effect upon the commission of the particular kind of crime, and in some instances to the ability of the accused to pay....

24 C.J.S. *Criminal Law*, § 1604 (1989).

In light of a strong public commitment to eradicating the use of illicit drugs, we find that the fines imposed are not out of proportion to the severity of the crimes committed. This is particularly true in view of the enormous profits to be garnered from trafficking in drugs.

The appellants proceed to argue, however, that because they were acting as mere "mules" in this particular drug deal, the imposition of the maximum fine does nothing to further the legislature's goal of punishing the big drug dealer. We do not believe that the individual's place in the drug distribution chain is determinative. A large fine directed at anyone in the drug trade is a rational attempt to cripple the industry. A fine of less than half the street value of the drugs involved is not shocking, even if it is imposed on one who is not a kingpin in the enterprise.

■ The ability to pay is one factor to consider in the analysis of what is excessive, but it is not dispositive. *See, e.g., State v. Mayberry*, 415 N.W.2d 644, 646 (Iowa 1987) (restitution, a fine for eighth amendment purposes, is not excessive if it bears a reasonable relation to the crime even though it would take 1,062 years to pay at a percentage of prison salary). Wise, an unemployed laborer at the time of his conviction, will pay the fine off seventeen years after he is released from prison if he follows the schedule ordered by the judge. Jackson earned approximately $1,500 per month as a truck driver prior to his conviction. It would take sixty-eight years for him to pay off the fine. The fact that the trial judge has the discretion to set the schedule for payment considerably ameliorates the statute's failure to allow for a consideration of the ability to pay.[3]

### THE FINES ARE NOT CRUEL AND UNUSUAL

■ Nowhere in their briefs do the defendants specifically argue that the fines are cruel and unusual. As we previously observed, however, the line between what

---

**3.** Arizona Revised Statutes section 13–808 permits the judge to specify the schedule for payment of fines.

is "excessive" and what is "cruel and unusual" is frequently blurred, and the defendants' contentions arguably implicate the cruel and unusual clause.

The Supreme Court of the United States has articulated three criteria for assessing whether a penalty is cruel and unusual. They are:

1. The gravity of the offense and the harshness of the penalty;

2. The severity of the penalty as compared to penalties imposed for other criminal acts in the jurisdiction; and

3. The severity of the penalty as compared to penalties imposed for the same crime in other jurisdictions.

*Solem v. Helm,* 463 U.S. 277, 291, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637, 650 (1983).

We have already considered the gravity/harshness element of the test in our discussion of the excessive fines clause, so we turn to the second and third criteria. The mandatory fine has a ceiling of $150,-000, which is no more than our statutes prescribe for any number of offenses. *See* A.R.S. § 13–801(A). As we have already observed, the fact that the fine is tied to the value of the drugs involved is a recognition of the large profits derived from the sale of drugs and is a rational attempt to take the profit out of this activity.

Other states impose equally severe fines. A random survey of the penalties which twenty-three other states impose for similar offenses involving cocaine reveals:

1. The average fine which can be imposed is $182,238.[4]

2. The mean fine which can be imposed is $55,000.

3. The fines that can be imposed range from no fine to $8,000,000.

4. One state imposes life in prison for possession of over 650 grams, with no fine.[5]

5. One state imposes a base fine of $20,-000 and an additional $8,000,000 for possession of more than twenty-five pounds, depending upon reasonable expectations of collection and the defendant's ability to pay.[6]

We have considered whether the fact that a statute is mandatory renders it cruel and unusual. We do not think that it does. *See Mulalley,* 127 Ariz. at 96, 618 P.2d at 590, citing *United States v. Chow* 398 F.2d 596 (2d Cir.1968); *State v. Williams,* 115 Ariz. 288, 289, 564 P.2d 1255, 1256 (App. 1977). The mandatory nature of the statute and, as we have already observed, the fact that it does not expressly provide for the consideration of a defendant's ability to pay are tempered by the ability of the sentencing judge to set the schedule for payment. The statute is neither cruel and unusual per se nor as applied in this case.

## A SURCHARGE MAY BE IMPOSED

■ The appellants were fined pursuant to A.R.S. section 13–801(A), which caps the fine that can be imposed at $150,000. To this the court added a surcharge of $55,500 pursuant to A.R.S. section 41–2403(A). The appellants insist that the legislature intended A.R.S. section 13–801(A) to reflect the absolute maximum that a convicted person could be compelled to pay. We disagree. The surcharge statute mandates

4. *See* Ala.Code § 13A–12–231 (Supp.1989); Alaska Stat. §§ 11.71.030 and 12.55.035(b)(2); Ark. Stat.Ann. § 20–64–220; Cal.Health & Safety Code §§ 11350 and 11372 (West Supp.1990); Conn.Gen.Stat. § 21a–277; Del.Code Ann. tit. 16, § 4753A(a)(2); D.C.Code Ann. § 33–541(a)(2)(B) and § 33–548; Haw.Rev.Stat. § 706–640 (Supp.1989); Idaho Code § 37–2732(a)(1)(A); Ill.Ann.Stat. ch. 56½ § 1401(a)(2), (b)(2), and (c) (Supp.1989) (Smith–Hurd); Ind.Code §§ 35–48–4–1 and 35–50–2–4; Iowa Code Ann. §§ 204.401, 902.9 (West Supp.1990); Kan.Stat.Ann. § 21–4503(1)(a) and (3); Ky.Rev.Stat.Ann. § 218A.990(1) (Baldwin Supp.1988); La.Rev. Stat.Ann. § 40:967(B), (F) (West Supp.1990);

Md.Ann.Code art. 27 § 286(b) (Supp.1989); Mass.Gen.Laws Ann. 94C, § 32A (West Supp. 1990); Mich.Stat.Ann. § 14.15(7401) (Callaghan Supp.1990); Minn.Stat.Ann. § 152.021 *et seq.* (West Supp.1990); Miss.Code.Ann. § 41–29–139(a) (Supp.1989); Nev.Rev.Stat. § 453.3395; N.C.Gen.Stat. § 90–95(h)(3) (Supp. 1989); S.C.Code Ann. § 44–53–370(b)(2), (d)(3), and (e)(2) (Law Co-op Supp.1989).

5. Mich.Stat.Ann. § 14.15(7401)(2)(a)(i) (Callaghan Supp.1990).

6. Cal.Health & Safety Code § 11372 (West Supp. 1990).

that the trial court add the surcharge to all fines it imposes:

> *In addition to any other penalty assessment provided by law,* there shall be levied a penalty assessment in an amount of thirty-seven percent on every fine ... imposed and collected by the courts for criminal offenses....

A.R.S. § 41–2403(A) (emphasis added). Certainly the legislature knew when it enacted the surcharge statute that any number of statutes in effect provided a ceiling on the amount of a fine that could be imposed. The language of the surcharge statute is clear and cannot be read as the defendants interpret it.

## THE FINE DOES NOT APPLY TO THE CRIME OF ATTEMPTED POSSESSION

 Ronald Jackson asserts that A.R.S. section 13–3408(E), the statute under which the trial court imposed the mandatory fine, does not apply to him because he was convicted only of *attempt* to possess narcotics for sale. We believe that he is correct. Section 13–3408(E) provides:

> In addition to any other penalty prescribed by this title, the court shall order a person who is *convicted of a violation of any provision of this section* to pay a fine of not less than two thousand dollars or three times the value as determined by the court of the narcotic drugs involved in or giving rise to the charge, whichever is greater.... (Emphasis added.)

Jackson was not convicted under section 13–3408. Although that provision defines some of the elements of the preparatory offense of attempt to possess narcotic drugs, Jackson pled guilty to a violation of A.R.S. section 13–1001. For all we know, the legislature deliberately did not wish to apply the mandatory fine to the less serious crime of attempt. In any event, the statute is unambiguous and does not mandate the fine imposed. See *State v. Tellez,* 49 Ariz.Adv.Rep. 36 (1989).

Finally, both appellants contend that the judge miscalculated the amount of the fines and overcharged them $100. The confusion probably stems from the fact that a $100 assessment for the Victim's Compensation Fund was added to each fine and surcharge. We have recalculated the penalties and find that no mistake occurred.

The conviction, sentence, and fine imposed on Andre Wise are affirmed. The conviction and sentence imposed on Ronald Jackson are affirmed. Since the trial judge might have imposed a lesser fine had he known that he had the discretion to do so, the fine imposed on Jackson is vacated, and the matter is remanded to the trial court to reconsider the fine.

VOSS, P.J., and JACOBSON, J., concur.