844 P.2d 588

**STATE of Arizona, Appellee,**

v.

**Rudy Robert MILLER, Appellant.**

**No. 1 CA–CR 90–1230.**

Court of Appeals of Arizona,
Division 1, Department D.

May 14, 1992.

Review Granted on Issue No. 3 only and Denied on all other Issues Feb. 2, 1993.

**422**

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Henze, Ronan and Clark by Tom Henze, Tracey Westerhausen, Phoenix, for appellant.

## OPINION

EHRLICH, Judge.

Rudy Robert Miller ("defendant") appeals from his convictions and sentences for unlawful flight from a law enforcement vehicle, a class 5 felony, and endangerment by conduct causing danger of imminent physical injury, a class 1 misdemeanor. For the following reasons, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

The defendant was indicted on February 1, 1990, for unlawful flight from a law

enforcement vehicle and endangerment by conduct causing danger of imminent death. The defendant moved to dismiss the unlawful flight charge on the basis that the statutes under which he was charged, Ariz. Rev.Stat.Ann. sections ("A.R.S. §") 28-622.01 and 28-624(C), were unconstitutionally vague and that the indictment failed to apprise him of an essential element of the offense, namely the necessary equipment for a law enforcement vehicle. The trial court denied the defendant's motion and the matter proceeded to trial. The defendant was found guilty of unlawful flight and the lesser-included offense of endangerment by conduct causing danger of imminent physical injury.

The defendant filed a motion for new trial and a request for an evidentiary hearing, alleging that (1) the verdict was contrary to the law or to the weight of the evidence, (2) the prosecutor engaged in misconduct, (3) a juror or jurors engaged in misconduct, (4) the jury instructions given were erroneous, and (5) he did not receive a fair and impartial trial. The trial court denied the request for an evidentiary hearing and the motion for new trial. It suspended the imposition of sentence and ordered that the defendant be placed on concurrent three-year terms of probation and pay a $100 felony assessment penalty and $150,000 fine. The defendant timely appealed the convictions and sentences.

On appeal, the defendant asserts that his conviction for unlawful flight from a law enforcement vehicle should be reversed. He renews his contentions that A.R.S. §§ 28-622.01 and 28-624(C) are unconstitutionally vague and that the state failed to establish an essential element of A.R.S. § 28-622.01. He claims also that the trial court erred in refusing to give his requested jury instruction and in denying his motion for new trial based upon juror misconduct plus failing to conduct an evidentiary hearing on that issue. Finally, the defendant challenges the constitutionality of

A.R.S. §§ 13-801 and 13-808, pursuant to which he was ordered to pay a fine of $150,000.

## DISCUSSION

### 1. A.R.S. §§ 28-622.01 and 28-624(C)

The defendant first argues that the trial court erred in refusing to dismiss the unlawful flight charge. He maintains that A.R.S. §§ 28-622.01 and 28-624(C) violate due process because they are unconstitutionally vague.

The defendant was charged pursuant to A.R.S. § 28-622.01, which provides:

> Any driver of a motor vehicle who wilfully flees or attempts to elude a pursuing official law enforcement vehicle which is being operated in the manner described in subsection C of § 28-624 is guilty of a class 5 felony. Such law enforcement vehicle shall be appropriately marked showing it to be an official law enforcement vehicle.

Under A.R.S. § 28-624(C):

> The exemptions granted by this section [1] to an authorized emergency vehicle apply only when the driver of the vehicle while in motion sounds an audible signal ... and when the vehicle is equipped with at least one lighted lamp displaying a red or red and blue light or lens visible under normal atmospheric conditions from a distance of five hundred feet to the front of the vehicle, except *that an authorized emergency vehicle operated as a police vehicle need not be equipped with or display a red or red and blue light or lens visible from in front of the vehicle.* [Emphasis added.]

For purposes of Title 28, an "authorized emergency vehicle" is defined in A.R.S. § 28-101:

> 1. "Authorized emergency vehicle" means vehicles of the fire department, police vehicles and such ambulances and emergency vehicles of municipal departments or public service corporations as are designated or authorized by the department or local authorities.

---

1. This is a reference to A.R.S. § 28-624(B) which exempts authorized emergency vehicles from certain traffic laws.

The defendant claims that it is unclear whether the emphasized phrase in A.R.S. § 28–624(C) includes a police vehicle as an authorized emergency vehicle or if it refers only to a non-police vehicle "commandeered" for use as a police vehicle. In addition, contends the defendant, if a police vehicle does constitute an authorized emergency vehicle, then such is in contradiction of the statute's statement of exemptions.

▪ A criminal statute is void for vagueness if it "proscribe[s] conduct in terms so indefinite that people of common intelligence must necessarily guess at its meaning ... [and] therefore, ordinary people cannot conform their conduct to their legal obligations." *Matter of Pima County Juvenile Appeal No. 74802–2,* 164 Ariz. 25, 28, 790 P.2d 723, 726 (1990) (citations omitted); *see also Fuenning v. Superior Court,* 139 Ariz. 590, 598, 680 P.2d 121, 129 (1983). The state argues that the statutes do not violate due process because all that due process requires is that the language of a statute impart a definite warning of the prohibited conduct, a message adequately conveyed by A.R.S. §§ 28–622.01 and 28–624(C). The defendant's argument, counters the state, is merely an inappropriate combination of these statutes. We agree with the state.

A police vehicle is, by law, an authorized emergency vehicle, A.R.S. § 28–101(1), one of a class of emergency vehicles exempt from the traffic laws when the vehicle's "audible signal" and "lighted lamp" or "lens" are activated. A.R.S. § 28–624(C). However, it is distinct in this class because police vehicles are exempt from the traffic laws without being equipped with a colored "light or lenses visible from in front of the vehicle." A.R.S. § 28–624(C). Thus it is clear that it can be felonious conduct to willfully flee or attempt to elude a pursuing police vehicle sounding an audible signal even if its colored light or lens is not visible from in front of the vehicle. The statutes are not unconstitutionally vague.

▪ The defendant next argues that the trial court erred in denying his motion for new trial based upon the fact that the state did not establish the visibility of overhead lights on the pursuing police vehicle as an element of unlawful flight under A.R.S. § 28–624(C). The state, relying upon *State v. Nelson,* 146 Ariz. 246, 249, 705 P.2d 486, 489 (App.1985), responds that it is not necessary for a pursuing police vehicle to meet the criteria of an "authorized emergency vehicle" as described in A.R.S. § 28–624 in order to prove the elements of unlawful flight.

Given the discussion above, we find that the state established the essential elements of unlawful flight without having to prove that the police vehicle light was visible from in front of the vehicle. The state did prove that, while driving, the defendant willfully fled a marked police car which had both its sirens and lights activated. Therefore the trial court did not abuse its discretion in denying the defendant's motion for new trial. *State v. Valdez,* 167 Ariz. 328, 332, 806 P.2d 1376, 1380 (1991).

### 2. Jury Instructions

The defendant contends that the trial court erred in denying his motion for new trial based upon its failure to include in the jury instructions an essential element of the offense: a visible light. In response, the state argues that the trial court was not required to give a jury instruction which contained an erroneous statement of the law.

▪ A trial court may reject a jury instruction which is an incorrect statement of the law. *State v. Axley,* 132 Ariz. 383, 393, 646 P.2d 268, 278 (1982); *State v. Tyler,* 149 Ariz. 312, 316, 718 P.2d 214, 218 (App. 1986). As discussed above, the visibility of police vehicle lights from the front of the vehicle is not an element of the offense of unlawful flight. A.R.S. § 28–624(C). Accordingly, the trial court did not err in failing to instruct the jury as requested by the defendant.

### 3. Juror Misconduct

The defendant argues that the trial court erred in failing to conduct an evidentiary hearing and then denying his motion for new trial based upon juror misconduct. The defendant's claim is based upon a note which an excused alternate juror left on another juror's car during deliberations;

the note expressed the alternate's belief that the defendant was guilty. The prosecutor inadvertently learned of the note after the verdict had been reached. He then informed defense counsel and the court that he had spoken with the juror receiving the note and that the juror stated that it neither affected his decision regarding the defendant's guilt nor had he told the other jurors of the note. According to the prosecutor, the other jurors stated that they were not aware of the note until after they had reached their decision. The trial court denied the defendant's request for an evidentiary hearing on the matter and his motion for new trial.

■ Absent an abuse of discretion, we will reverse neither a trial court's ruling regarding whether to hold an evidentiary hearing to investigate alleged juror misconduct nor its decision as to whether the alleged misconduct requires a mistrial or other corrective action. *State v. Apodaca,* 166 Ariz. 274, 276–77, 801 P.2d 1177, 1179–80 (App.1990). Improper juror communication is not grounds for a mistrial absent a showing of prejudice to the defendant. *Id.*

■ The prosecutor avowed to the court that the only juror to be aware of the note prior to the voting was the one who had received it and that the juror stated that it did not affect his vote on the issue of the defendant's guilt. The defendant did not controvert this avowal. Although it would have been better for the court to have heard directly from the juror in an evidentiary hearing in this circumstance, we do not find reversible error in the court's failure to hold a hearing. The defendant has failed to establish that he was prejudiced by the juror communication. We find that the trial court did not abuse its discretion in denying his motion for new trial.

### 4. Constitutionality of Fine

Finally, the defendant argues that the $150,000 fine violates the prohibitions against excessive fines and cruel and unusual punishment in the Eighth Amendment to the United States Constitution and Art. 2, § 15 of the Arizona Constitution. Specifically, the defendant alleges that the trial court erred in failing to consider the factors set forth in the American Bar Asso-

ciation's *Minimum Standards for Criminal Justice,* § 2.7(b) and (c), adopted by our supreme court in *In re Collins,* 108 Ariz. 310, 312–13, 497 P.2d 523, 525–26 (1972).

■ This fine was within statutory limitations; the defendant did not object to its imposition at sentencing. This constitutes a waiver of the issue on appeal absent fundamental error. *State v. Atwood,* 171 Ariz. 576, 642, 832 P.2d 593, 659 (1992).

■ Criminal fines are subject to Eighth Amendment analysis, *Browning–Ferris Industries v. Kelco Disposal, Inc.,* 492 U.S. 257, 109 S.Ct. 2909, 2913–14, 106 L.Ed.2d 219 (1989), and the Arizona Constitution provides the same protection as does the Eighth Amendment. *State v. Marquez–Sosa,* 161 Ariz. 500, 502, 779 P.2d 815, 817 (App.1989). There is a presumption, however, that the legislature acted constitutionally, and when there is a reasonable basis for enacting the statute, it will be upheld unless clearly unconstitutional. *State v. Arnett,* 119 Ariz. 38, 579 P.2d 542 (1978).

A fine is excessive if it "exceeds reasonable, usual, proper, or just punishment," *State v. Wise,* 164 Ariz. 574, 576, 795 P.2d 217, 219 (App.1990) (citing *People v. Saffore,* 18 N.Y.2d 101, 104, 271 N.Y.S.2d 972, 975, 218 N.E.2d 686, 688 (1966)), if it is "so disproportionate to the offense that it shocks public sentiment and affronts the judgement of reasonable people," *id.* (citing *Hindt v. State,* 421 A.2d 1325, 1333 (Del.Super.Ct.1980)), or if "it plainly and undoubtedly exceeds any reasonable requirements for redressing the wrong." *Id.* (citing *State v. Jackson,* 417 So.2d 1097, 1098 (Fla.App.1982)). The ability to pay the fine is but one factor in the analysis. *Id.* (not excessive for unemployed laborer who was drug courier to pay $150,000). *See Marquez–Sosa,* 161 Ariz. at 503–04, 779 P.2d at 818–19 ($137,000 fine for attempted theft resulting in $500 loss excessive for defendant with four children and only fair job prospects and without income or assets).

■ The defendant does not discuss any of these factors and does not deny his ability to pay the fine. He simply asserts that the trial court should have inquired as to his ability to pay $150,000, an assertion

426

not made to the trial court. However, the presentence report suggested that the defendant was a man of wealth, a suggestion not disputed on appeal. Furthermore, this was the defendant's second conviction for endangerment; the first incident also involved alcohol and it too was for endangerment, notably with a gun. The trial court clearly was concerned about both punishing the defendant and deterring him from such behavior in the future, and it apparently considered a substantial fine more appropriate than the recommended jail term. It cannot be said that the fine imposed on the defendant was either so shocking or so unreasonable as to be unconstitutionally excessive.

Similarly, the fine cannot be said to constitute cruel and unusual punishment. The offense was serious: After consuming three drinks in 80 minutes, the defendant, by his own admission, drove his car at speeds as high as 100 m.p.h., through residential areas, continuing after the police had begun pursuit, until he struck a highway median and his vehicle came to a stop. During the chase, he failed to stop for two red lights and three stop signs. One police officer and four other drivers had to take evasive action. When the defendant was stopped, the police detected the strong odor of alcohol on his breath and slurred speech; the defendant swayed when standing still and used counters and walls for support at the police station. He claimed that he had been chased by a person driving a red car who was pointing a rifle at him, but he did not use his car phone to call 911, although he called his wife. Considering the gravity of the offense and its context, the fine was not unconstitutional. *See Wise*, 164 Ariz. at 577, 795 P.2d at 220.

### CONCLUSION

We have reviewed the record pursuant to A.R.S. § 13–4035 and find no fundamental error. Accordingly, we affirm the defendant's convictions and sentences.

TAYLOR, P.J., and GERBER, J., concur.